**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JESUS GARCIA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| MIDLAND CREDIT MANAGEMENT, INC.; and MIDLAND FUNDING LLC; | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

1. Plaintiff brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); and Midland Funding LLC ("MFLLC").

2. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

4. Venue in this District is proper because defendants do business in this District.

## PARTIES

### Plaintiff

5. Plaintiff Jesus Garcia is a resident of the Northern District of Illinois.

### MCM

6. Defendant Midland Credit Management, Inc. ("MCM") is a Kansas corporation with a place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123 and another at 3111 Camino Del Rio N., Suite 1300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. Defendant MCM is a collection agency. It both owns debts and acts as a collection agency for MFLLC and related entities, described below.

8. Defendant MCM uses the mails and telephone system to conduct its business.

9. Defendant MCM is a "debt collector" as defined in the FDCPA.

## MFLLC

10. Defendant Midland Funding LLC ("MFLLC") is a limited liability company organized under Delaware law with a place of business located at 8875 Aero Drive, Suite 200, San Diego, CA 92123 and another at 3111 Camino Del Rio N., Suite 1300, San Diego, CA 92108. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

11. MFLLC is in the business of taking title or claiming to take title to charged-off debts allegedly owed by consumers and originally owed to others.

12. MFLLC then seeks to enforce the debts against the consumers through lawsuits.

13. The mails and telephone system are used in connection with the prosecution of the MFLLC lawsuits.

14. Defendant MFLLC is a "debt collector" as defined in the FDCPA.

15. Defendant MFLLC has no employees.

16. Defendant MFLLC has paid an average of less than 3 cents on the dollar for the debts it has purchased.

17. Defendant MFLLC was the plaintiff in 1,000 cases in the Circuit Court of Cook County filed between April 14, 2014 and May 20, 2014. It also files cases in other courts.

18. Defendant MFLLC is a "debt collector" as defined in the FDCPA.

19. MCM and Midland Funding LLC are under common ownership.

## FACTS

20. In 2011, defendant MFLLC filed a collection lawsuit in Lake County, Indiana, Superior Court, against a Jesus Garcia, apparently seeking to collect an alleged credit card debt.

21. Based on the identity of the original creditor, CIT Bank, any such debt would have been for personal, family or household purposes and not for business purposes.

22. Plaintiff does not recognize the debt.

23. On September 13, 2011, a default judgment was entered in the lawsuit against Jesus Garcia.

24. The papers from the Lake County lawsuit list an address and a telephone number for the Jesus Garcia named therein. The address is one which plaintiff Jesus Garcia once lived at, but no longer resided at when the lawsuit was filed. The telephone number is entirely unfamiliar to him.

25. Plaintiff was never served in the Lake County lawsuit.

26. Plaintiff had no knowledge of the Lake County lawsuit until on or about May 13, 2014, when plaintiff's employer received a Wage Execution (Exhibit A) and cover letter (Exhibit B), which the employer provided to plaintiff.

27. The Lake County lawsuit was not based on a written contract signed by plaintiff in Lake County (on information and belief, not plaintiff's contract all).

28. Plaintiff has never had an account or otherwise entered into any agreement with CIT Bank nor has plaintiff ever owned a Dell Product.

29. Plaintiff did not reside in Lake County, Indiana when the lawsuit was filed or when the Wage Execution was filed.

30. At the time the lawsuit was filed, plaintiff lived in Chicago, Illinois.

31. At the time the Wage Execution was filed, plaintiff lived in Chicago, Illinois.

32. All instructions regarding the filing of the lawsuit were provided by MCM.

33. Plaintiff was embarrassed and harassed by having the Wage Execution and cover letter furnished to his employer.

34. There are more than 500 persons named Jesus Garcia in Illinois and more than 100 in Indiana.

## COUNT I – FDCPA

35. Plaintiff incorporates paragraphs 1-34.

36. Defendants violated 15 U.S.C. §1692i by suing plaintiff in Lake County, Indiana.

37. Section 1692i provides:

**§ 1692i.     Legal actions by debt collectors [Section 811 of P.L.]**

**(a) Any debt collector who brings any legal action on a debt against any consumer shall--**

> **(1)     in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**
>
> **(2)     in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**
>
>> **(A)     in which such consumer signed the contract sued upon; or**
>>
>> **(B)     in which such consumer resides at the commencement of the action.**

**(b) Nothing in this subchapter shall be construed to authorize the bringing of legal actions by debt collectors.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(a)     Statutory and actual damages;

(b)      Attorney's fees, litigation expenses and costs of suit;

(c)      Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603

(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

       Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

       /s/ Daniel A.Edelman
       Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/ Daniel A. Edelman
Daniel A. Edelman